UNITED STATES of America, Appellant,

v.

Nathaniel JOHNSON and Laura Davis, Appellees.

No. 76–1693.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 8, 1976.

Decided Dec. 21, 1976.

J. Whitfield Moody, First Asst. U. S. Atty., Kansas City, Mo., for appellant; Bert C. Hurn, U. S. Atty., Kansas City, Mo., on brief.

Ronald L. Hall, Asst. Federal Public Defender, W. D. Mo., Kansas City, Mo., for appellees; Charles A. Gallipeau, Kansas City, Mo., on brief.

Before BRIGHT and WEBSTER, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

ORDER

The United States appeals the judgment of the district court dismissing without prejudice this prosecution against appellees Nathaniel Johnson and Laura Davis, charging them with possession of an unregistered still, in violation of 26 U.S.C. § 5179 and 18 U.S.C. § 2. The district court issued the dismissal as a result of its earlier order suppressing as evidence the still and distilling apparatus found in a search of a residence at 2520 Tracy, Kansas City, Missouri, pursuant to a warrant issued by a state magistrate.

The order rested upon a finding by the district court that the information presented to the state magistrate failed to establish probable cause to issue the search warrant. We are now advised by appellant that an affidavit which had been presented to the state magistrate to support the issuance of the warrant was not presented to the federal district court by the federal prosecutor when the district court considered appellees' motion to suppress.

Under these circumstances, in the interest of justice, we vacate the dismissal and remand this case to the district court for its determination of whether this additional information, an affidavit of detective Richard W. Gentry of the Kansas City police, was in fact presented to the state magistrate, and, if so, whether the suppression order should now be set aside.

We retain jurisdiction of this cause subject to this limited remand. The appellant is directed to advise this court of the district court's determination of the matters submitted on remand. This order of remand shall issue forthwith.